UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY
Case Number 07-61162-CIV-MORENO/TORRES

STATE NATIONAL INSURANCE COMPANY,
    Plaintiff,
vs.
ANZHELA EXPLORER LLC, a Washington
Limited Liability corporation, JEFF DORSEY and
MARK ROSANDICH,

    Defendants.
_____/

## STATE NATIONAL INSURANCE COMPANY'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO SUPPRESS THE EXPERT TESTIMONY OF KENNETH DRAPER

Comes now the Plaintiff, STATE NATIONAL INSURANCE COMPANY, by and through its undersigned counsel and makes and files this its Response to Defendant's Motion in Limine To Suppress the Expert Testimony of Kenneth Draper and in support thereof would show as follows:

1. Defendant, Anzheha Explorer LLC, seeks to have this Court suppress the expert testimony of Kenneth Draper asserting Draper is not qualified to offer opinions as to the insurance coverage issues presented in this litigation as Mr Draper's expertise is in brokering rather than underwriting insurance. Clearly, Defendant fails to understand the interrelationship between insurance brokering and underwriting and also misconstrues or misapprehends Mr. Drapers background and experience.

2. It should be noted that the motion was filed without defendant deposing Mr. Draper or conducting any discovery into Mr. Drapers background or experience.

3. As evidenced by Mr. Draper's curriculum vitae, since 1998 Mr. Draper has been the Principal of Draper Consulting which provides consulting service specializing in marine insurance matters, maritime arbitration and mediation. This is not limited to brokerage issues but addresses marine insurance coverages, underwriting and

claims.[1] Prior to founding Draper Consulting, Mr. Drape had over thirty years experience in the procurement and placement of marine insurance. He was also served as a Faculty member, the Admiralty Law Institute instructing members of the insurance industry including underwriters, brokers and agents. In the course of his professional career Mr. Draper has developed knowledge and information as to the customs and practices in the marine insurance industry; the interrelations between insureds, agents, brokers and underwriters and the duties and obligations of each; the customary, common and usual marine policy terms, provision and conditions; and, the ramifications of a failure to comply with such provisions, duties or obligations.

4. Defendant in its motion in limine mischaracterizes Mr. Drapers experience as an expert witness. Contrary to the assertions of Defendant, Mr. Draper's retention as an expert witness has not been limited to an expert for insurance brokers. The very first case listed on the case summary submitted by Mr. Draper involves his retention on behalf of an underwriter not a broker. Indeed, in five of the twenty two cases identified on the case summary Mr Draper represented the insurer, not an agent, broker or the insured.

5. Mr. Draper, as an experienced marine insurance professional as well as former instructor, is amply qualified to proffer opinions as to marine underwriting custom and practices, placement of maritime risks, navigational warranties, breach of express policy warranties, duties of disclosure, materiality of disclosures to marine risks, agency relationships regarding placement of marine risks, umberrimae fidei

---

[1] It should be noted that the insurance "expert" designated by the Defendant has no marine experience or background. His background in as a property and casualty underwriter.

and other areas disclosed in his opinion in rebuttal to the testimony of Anzhela Explorers' insurance expert. His testimony will assist the Court in determination of issues before it.

6. Preclusion of Mr. Draper's testimony is unwarranted and the motion should be denied.

Wherefore, Plaintiff State National Insurance Company seeks an Order of this Court denying the Defendant's Motion in Limine to Limit the Testimony of Kenneth Draper, together with such other and further relief as may be just and proper.

## MEMORANDUM OF LAW

Defendant is seeking to preclude the expert testimony of Kenneth Draper, asserting MR. Drapers expertise is in brokering of marine insurance rather that underwriting.  As set forth above, this is factually inaccurate as Mr. Draper has acted as an expert for insurance companies as well as brokers. Moreover, his testimony deals not only with the placement of insurance but the relationships between insureds, agents and brokers as well as the customs and practices of the marine insurance industry and the terms and conditions of marine policies.

Mr. Draper is amply qualified to testify before this Court in the designated areas and the Court ,as gatekeeper of the trial, should deny the Defendant's motion in limine and allow Mr. Draper to testify in the instant matter.  A framework was created in *Daubert v. Merrell Dow Pharmaceuticals* to assist the Court in fulfilling its gatekeeper function. *Daubert v. Merrell Dow Pharmaceuticals* 509 U.S. 579 (1993); Fed. R. Evid. 702.  Plaintiff contends that the proper exercise of gatekeeper function by this Court will result in the admission of the testimony of its expert witness, Kevin Draper as a rebuttal witness herein, allowing his testimony to become a part

of the normal adversarial process. *See U.S. v.* Frazier, 322 F.3d 1262 (11th Cir. 2003); *Carmichael v. Samyang Tire*, 131 F.3d 1433 (11th Cir. 1997).

Pursuant to Rule 702 an individual proffered to testify as an expert may be individual "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Once that threshold is passed the rules indicate that he "may testify ... in the form of an opinion or otherwise." Kenneth Draper has such knowledge skill and experience in marine insurance and the marine insurance industry to qualify him as a proper expert witness before this Court.

When a witness is qualified as an expert the court's gatekeeper role "calls for the trial judge to make a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid ... and whether that reasoning or methodology properly can be applied to the facts in issue. *Cartwright v. Home Depot U.S.A., Inc.,* 936 F.Supp. 900, 902-03 (M.D. Fla 1996). Mr. Draper's opinions and reasoning is appropriate and properly applied in this matter.

## QUALIFICATIONS OF MR . DRAPER AS AN EXPERT WITNESS

Mr. Draper has an extensive background in the insurance industry which spans over fifty years. In that time he has been an insurance account executive, broker, vice president of brokerage firms, member of the faculty of the Admiralty Law Institute and insurance consultant. He is retained and testifies on an ongoing basis as an expert witness in matters involving marine insurance. "A witness, qualified as an expert by knowledge, skill, experience, or education may testify thereto in the form of an opinion or otherwise." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting Federal Rules of Evidence 702). Therefore, this Court is asked to recognize Mr. Draper to be qualified as an expert in the case before it.

## RELEVANCE TO THIS CASE

Rule 702 requires that the material to be presented be relevant to the case at hand. *Daubert*, 509 U.S. at 589; *Home Depot, Inc.* 936 F. Supp. at 902 ("'whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'"); Fed. R. Evid. 702. In the present matter Mr. Draper's testimony as a rebuttal witness to the Anzhela Explorer's insurance expert will aid the fact finder in determining the insurance coverage and provisions before it as well as the practices in the industry with respect to coverage placement, modification and binding, warranties and exclusions.

The gatekeeper role of this court is not intended to have the judge weigh or choose between conflicting expert opinions, or to analyze and study the areas in question in order to reach its own expert conclusions but instead is to assure that an expert's opinions are based on relevant methods, processes, and data, and not on mere speculation, and that they apply to the facts in issue. ).As restated in *U.S. v. Frazier*, "'[t]he gatekeeper role ... is not intended to supplant the adversary system or the role of the jury.'" *U.S. v. Frazier*, 322 F.3d 1262, at1268 ; *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311 (11th Cir. 1999). "Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Frazier*, 322 F.3d 1262, at 1268; Carmichael *v. Samyang Tire* 131 F.3d 1433, 1435 (11th Cir. Fla. 1997); (quoting *Daubert,* 509 U.S. at 596 (1993)).

It is obvious that the Anzhela does not agree with Mr. Draper's conclusions; such is the nature of the adversarial process. However, the contentions in Defendant's motion go to the weight and sufficiency of the witnesses background not to the admissibility of the evidence. Applying all of the principles listed above Mr. Draper's testimony is a qualified expert with the training knowledge and skill necessary to render his opinions admissible in this cause

Response to Motion In Limine re Draper<br>
Case Number 07-61162<br>
Page 6

## CONCLUSION

Mr. Draper is a competent witness. His background training and experience have endowed him with the skills and knowledge necessary to testify to this Court as to insurance coverage, relationships, practices and placement all of which are matters outside of the experience or the layman and upon which expert testimony is proper. The information Mr. Draper can provide is extremely relevant in reaching its determinations as to the coverage issues presented and the Defendant's motion in limine should be denied.

Respectfully submitted,

FERTIG & GRAMLING

By: s/ *Darlene M Lidondici*
Fla. Bar No.: 516521
dml@fertig.com
Christopher R. Fertig
Fla. Bar. No.: 218421
Chris.fertig@fertig.com
Attorney for Plaintiff
200 SE 13th Street
Fort Lauderdale, FL 33316
Telephone: 954-763-5020
Facsimile: 954-763-5412

Response to Motion In Limine re Draper<br>
Case Number 07-61162<br>
Page 7

## CERTIFICATE OF SERVICE

We hereby certify that on September 2 , 2008, we electronically filed the foregoing documents with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

FERTIG & GRAMLING<br>
Attorney for Plaintiff<br>
200 SE 13th Street<br>
Fort Lauderdale, FL 33316<br>
Telephone: 954-763-5020<br>
Facsimile: 954-763-5412<br>
<br>
By: s/ *Darlene M Lidondici*<br>
Darlene M Lidondici<br>
Dml@fertig.com<br>
Fla. Bar No.: 516521

Response to Motion In Limine re Draper
Case Number 07-61162

SERVICE LIST

Donald W. Strader
Law Office of Donald W. Strader
8522 SW 82 Terrace
Miami, FL 33143-6663
Tel: 305-274-6881
Fax: 305-274-8786
email: dstrader@bellsouth.net
Attorney for Defendant Anzhela Explorer LLC

Charles P. Moure
Harris & Moure P L L C
600 Stewart Street. Suite 12(N)
Seattle. WA 98101
Phone: 206-224-5657
Fax: 206-224-5659
email: charles@harrismoure.com