## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 07-61162-CIV-MORENO

**STATE NATIONAL INSURANCE COMPANY,**

        Plaintiff,

vs.

**ANZHELA EXPLORER LLC, JEFF DORSEY, MARK ROSANDICH**

        Defendants.

_____/

### ANZHELA EXPLORER LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO LIMIT OR PRECLUDE THE TRIAL TESTIMONY OF BRAD SCHOENWALD

COMES NOW DEFENDANT and files this, ANZHELA EXPLORER LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO LIMIT OR PRECLUDE THE TRIAL TESTIMONY OF BRAD SCHOENWALD, and states as follows.

1. Brad Schoenwald has 20.5 years of Federal service serving in a maritime capacity. As indicated in his Curriculum Vitae, he retired with the rank of United States Coast Guard Chief Warrant Officer CWO3. (Exhibit A). His specialty in the United States Coast Guard was as a Marine Inspector.

2. He is extremely well qualified as shown in the many Commendations, Certificates of Award, Certifications related to extensive training, and Memorandums relating to his qualifications and job responsibilities. (Exhibits B, C, D, and E).

3.     He more than adequately documented his inspection of the M/V "Anzhela Explorer" with the taking of numerous photographs. These were sufficient "notes" to enable him to form an opinion and generate a report regarding his inspection. His report is attached hereto as Exhibit F & G, and includes some of the photographs. Further, he took numerous other photographs, approximately 82 of them, as he recorded his observations. These are not attached as they take about 135 MB of space.

4.     His documentation of his inspection is demonstrably superior in that he documented both the port and starboard side engine rooms, of the vessel.

5.     His many years of USCG experience justify his evaluation and conclusion that the main cause of the vessel sinking was crew negligence. Further, his expertise is certainly more than adequate to enable him to provide expert testimony directed to the issue of crew competence and its action or lack thereof.

6.     It can only be surmised that Plaintiff's Motion to Limit or Preclude the Trial Testimony of Brad Schoenwald, is made to avoid the Court having a personal opportunity to appreciate his innate credibility personally and professionally based on the depth of his maritime training, his instruction of other experts including marine surveyors employed by marine class societies, maritime experience, and his well-reasoned conclusions.  Plaintiff's motion essentially attempts to set up a "straw man" that can be easily knocked down, e.g., with references to piston rings, oil samples, limited knowledge of diesel mechanics or diesel school, vessel construction, and lack of membership in marine surveying associations, etc. Defendant/Counter-Plaintiff never proffered Mr. Schoenwald as a diesel mechanic. The efforts are actually somewhat humorous in that Brad Schoenwald is so well qualified that he

3                    CASE NUMBER: 07-61162-CIV-MORENO

actually even has some of the qualifications that Plaintiff believes they could easily dismiss, or "knock down" if you will. For example, he has instructed surveyors.

7.      Plaintiff's motion also attempts to mis-characterize by implication, the testimony of Brad Schoenwald at his deposition. See Docket Entry 99-2 for his deposition. For example, in ¶ 3 the motion states, "sells high performance parts." The testimony by Mr. Schoenwald at page 13, at the indicated line numbers, was actually,

1        In addition to that,
2        we sell or I sell high performance **safety** equipment
3        to the recreational boating market.
[emphasis added]

8.      His testimony stressed the safety aspects of his job, his position as safety director for the Florida, and the training that he provides.

9.      In direct contradiction of ¶ 15 of Plaintiffs's motion, Brad Schoenwald has extensive experience which qualifies him as an expert in this action . He not only has the training and skill to opine with authority and competency as to the topics for which he has been proffered, as required under Rule 702 or Rule 703 of The Federal Rules of Evidence, he has actually served as an instructor to other experts.

10.     It is very important to review the first page of Exhibit C which states:

U.S. Department of Homeland Security
United States  Coast Guard

Commanding Officer
U.S. Coast Guard
Marine Safety Office

P.O. Box 71526
San Juan, PR 00936
Phone: (787) 706-2422

4                          CASE NUMBER: 07-61162-CIV-MORENO

Fax: (787) 706-2428

1501
16 JUN 03

MEMORANDUM
[signature]
From: W. J. UBERTI, CAPT
CG MSO SAN JUAN


Reply to X2424
Attn of: J. ESPINO-YOUNG, LT
Training Officer

To: B. SCHOENWALD, CW02
Thru: (1) E. EMERIC, LCDR, CID
(2) D. GREENE, LCDR, XO

Subj: DESIGNATION AS CONTROL VERIFICATION INSPECTOR (CV)

Ref: (a) Performance Qualification Standards Control Verification Inspector
Workbook
(b) Marine Safety Manual, COMDTINST MI6000.6, Vol I, Paragraph 7.E.3

1. You have demonstrated your ability to perform as a Control Verification Inspector
aboard Foreign Passenger Vessels, you've completed all training requirements
identified in reference (a), and have satisfactorily passed a qualification board
conducted by the Unit Training Board as required by reference (b). You are hereby
designated a Control Verification Inspector (CV).

2. You are authorized to carry out the responsibilities of a Coast Guard Marine
Inspector within the limits of this designation. You will be guided in your duties by
applicable sections of the Marine Safety Manual, the U. S. Code of Federal
Regulations, pertinent International Conventions, and applicable Commandant, and
local directives.

3. Congratulations on achieving this qualification! Your hard work and dedicated
efforts are important to the unit's success in keeping vessel crews, the port, and the
environment safe. In accordance with reference (b), this Memorandum of
Designation should be retained as a permanent part of your Marine Safety Training
and Qualification Record.
#

Copy: PERSRU/Unit PDR
Training Record

11.     Then please see page 5 of Composite Exhibit E, which states:

CITATION TO ACCOMPANY THE AWARD OF

THE COAST GUARD COMMENDATION MEDAL
(GOLD "STAR IN LIEU OF SECOND)

TO

CHIEF WARRANT OFFICER BRAD SCHOENWALD

UNITED STATES COAST GUARD

Chief Warrant Officer SCHOENWALD is cited for outstanding achievement while assigned as a Marine Inspector at Sector Miami, Florida from June 2004 to May 2007. Quickly qualifying as a Vessel Security Inspector, he demonstrated exceptional dedication during the implementation and initial enforcement of the historic Maritime Transportation Security Act by conducting around-the-clock compliance boardings on over 200 vessels, leading to the detention or expulsion from port of several vessels for non-compliance. Demonstrating outstanding stamina and flexibility, he was a vital member of the port survey teams responsible for ensuring vessel safety preparations in three major ports during the unprecedented 2004-2005 hurricane seasons that saw eight major storms impact the South Florida region. His superior knowledge and attention to detail were key factors in ensuring vessels remaining in port sustained no damage from the storms, and that the region's ports quickly returned to normal operations. **Drawing upon his vast technical knowledge of vessel structure, Chief Warrant Officer SCHOENWALD provided critical damage assessments** needed to plan and execute the successful salvage of a 10 million dollar private yacht grounded at the entrance to Port Everglades. **As the lead inspector** for the 35 year-old sailing vessel CALYPSO EXPLORER, a 105-foot ferro-cement passenger vessel, he meticulously examined the cement structure identifying numerous areas of severe wastage and improper repairs. Working closely with the Marine Safety Center for more than one year, he developed standards for reviewing and approving hull repairs and identified serious flaws in the owner's repair proposals, resulting in the removal of the vessel from service. **Demonstrating extraordinary subject matter expertise, Chief Warrant Officer SCHOENWALD became an instructor for the Passenger Vessel Control Verification Course where he was responsible for training 120 students from various Coast Guard units, NTSB, classification societies and industry in the methods for examining extremely complex and technologically advanced cruise ships.** Chief Warrant Officer SCHOENWALD's dedication, judgment, and devotion to duty are most heartily commended and are in keeping with the highest traditions of the United States Coast Guard.
      The Operational Distinguishing Device is authorized.
      [emphasis added]

12.   The last bolded reference, among other things, means that Brad Schoenwald has actually served as instructor to classification society surveyors, some of the more expert surveyors available.  This is in direct contradiction to the implication of ¶ 4 of Plaintiff's motion.

## MEMORANDUM OF LAW

13.   The attached exhibits and portions quoted herein certainly indicate that Brad Schoenwald is qualified to testify competently regarding the Matters he intends to address. (Referring to Plaintiff's Section "A.") As more fully quoted above, in the opinion of the United States Coast Guard, Brad Schoenwald demonstrated extraordinary subject matter expertise and he was responsible for training the methods for examining extremely complex and technologically advanced cruise ships.

14.   With respect to Plaintiff's Section B, Brad Schoenwald's conclusions are sufficiently reliable to be admitted under *Daubert*. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 125 L.Ed. 2d 469 (1993), See also *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999). His methodology is based on his years of experience and training, which have essentially been peer reviewed and approved by the United States Coast Guard. He was also entrusted with training other marine experts in these methods including members of the National Transportation Safety Board. (Page 5, Composite Exhibit E) Although Plaintiff's counsel essentially avoided inquiring as to the instant expert's overall conclusion (See attached Exhibit G for said conclusion) one statement made in this section of Plaintiff's motion should perhaps be commented on or criticized. In Section "B" on page 7 the Motion states "He never examined the hose..."   Defendant/Counter-Plaintiff had a request to

7                    CASE NUMBER: 07-61162-CIV-MORENO

examine this hose, its own property, pending for several weeks, or months. Plaintiff instead
retained or converted this hose. It was only at the deposition of Ian Cairns on 18 July 2008
in New Orleans, Louisiana, that this hose was finally provided. (Docket Entry 89-2) Dates
were provided to depose Brad Schoenwald on his return from being out of town on business.
As indicated in Docket Entry 99-2, this deposition took place on 30 July 2008 in Ft.
Lauderdale, Florida. If Plaintiff was so concerned that Brad Schoenwald have an opportunity
to examine said hose, they should have provided it in a timely fashion, instead of retaining
it against the wishes of the owner. Any presumption in this regard, should be against
Plaintiff for its wrongful retention of this evidence. Mr. Schoenwald has since examined the
blue high temperature exhaust hose.

15.     The exhibits attached to this Response and the portions quoted herein certainly demonstrate
that Brad Schoenwald possesses specialized expertise sufficient to opine in such a way that
will assist the trier of fact, through the application of scientific, technical, and specialized
expertise. (Section C, Plaintiff's Motion) He has been trained by the United States Coast
Guard, has utilized this training in the performance of his duties, has been commended for
the exemplary way he performed his duties, and was thought skillful enough to in-turn be
entrusted with the responsibility to instruct others in his area of expertise of marine
inspection. The United States Coast Guard would not have made this evaluation cavalierly,
but would have made a very careful consideration as tens of thousands of human lives would
depend on the adequacy of his inspections and his instruction of others regarding marine
vessel inspections.

16.     In conclusion, the exhibits attached to this response will allow the Court to conduct an

CASE NUMBER: 07-61162-CIV-MORENO

exacting analysis of the proffered expert's expertise and methodology.  The documents indicate that the United States Coast Guard has conducted such an analysis and has documented it. The United States Coast Guard has developed and tested a methodology for marine vessel inspections over a period of many years, the attached exhibits reflect that Brad Schoenwald has been trained in these methods, utilized these methods in a highly competent manner, has aided in development of methods, has been entrusted in teaching these methods to others, and has been commended for "demonstrating extraordinary subject matter expertise."

**Wherefore** the motion by STATE NATIONAL INSURANCE COMPANY should be Denied.

<u>CERTIFICATE OF SERVICE</u>

We hereby certify that on 14 September 2008 we electronically filed the foregoing documents with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of  Electronic Filing.

Donald W. Strader
Law Office of Donald W. Strader
8522 SW 82 Terrace
Miami, FL 33143-6663
Tel: 305-274-6881

9                              CASE NUMBER: 07-61162-CIV-MORENO

Fax: 305-274-8786
email: dstrader@bellsouth.net
Attorney for Defendant Anzhela Explorer LLC


BY: /s/ Donald W. Strader
    DONALD W. STRADER
    Fla. Bar No. 287342

Charles P. Moure
Harris & Moure PLLC
600 Stewart, Suite 1200
Seattle, WA 98101-1878
Phone: 206-224-5657
Fax: 206-224-5659
email: charles@harrismoure.com
Attorney for Defendant Anzhela Explorer LLC


BY: /s/ Charles P. Moure
    CHARLES P. MOURE
    Fla. Bar No. 955817


## SERVICE LIST

Via Transmission of Notices of Electronic
Filing:


Christopher Rogers Fertig, Esq.
Darlene M. Lidondici, Esq.
Fertig & Gramling
Attorneys for State National Insurance
Company
200 SE 13th Street
Fort Lauderdale, FL 33316
954-763-5020
Fax: 763-5412
Email: chris.fertig@fertig.com
dml@fertig.com


Richard R. Cochran, II, Esq.
J. Michael Pennekamp, Esq.
Fowler White Burnett P.A.

Attorneys for WFT, Inc. (State's Managing
General Agent).
Espirito Santo Plaza
14th Floor
1395 Brickell Avenue
Miami, FL 33131-3302
(305) 789-9247
Fax: (305) 789-9201
Email: rcochran@fowler-white.com
jmp@fowler-white.com