# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 07-61162-CIV-TORRES

STATE NATIONAL INSURANCE
COMPANY,

        Plaintiff,

vs.

ANZHELA EXPLORER, L.L.C.,
JEFF DORSEY, MARK ROSANDICH,

        Defendants.

_____/

# ORDER ON PENDING MOTIONS;
# <u>JUDGMENT FOR COSTS</u>

This matter is before the Court on two post-judgment motions pending in the case following entry of the Court's Final Judgment.   The motions are ripe for disposition.

First, Defendant Anzhela Explorer LLC timely filed a Rule 59 motion to alter the Court's Final Judgment [D.E. 199].   Briefing on the motion has now been completed.  The Court has considered the arguments raised in the motion, the response in opposition, and the reply.  The majority of the issues raised in the motion seek reconsideration of credibility findings that the Court already made in its Findings of Fact and Conclusions of Law.  Accordingly, under Rule 59 there is no basis for the Court to alter or amend the judgment on these bases.

Only two matters need be addressed in any detail.  Defendant argues in part that the Court's erred in finding that Defendant breached its duty of utmost good faith

by not disclosing to the underwriter the Coast Guard's deficiency report.  Defendant argues that it did not have the report itself or did not have it available with which to produce it to the underwriter.  Thus, Defendant contends that the Court's findings must be amended.  The problem is that the Court's findings are not based upon the availability of that particular exhibit per se.  Given Mr. Rosandich's testimony, the record shows that it is abundantly clear that he was aware throughout the process of the vessel being inspected and repaired prior to the voyage as to the deficiencies that the Coast Guard identified prior to issuing the hull credit.  Thus, whether or not he ever had physical possession of the particular exhibit introduced in evidence is beside the point. Mr. Rosandich had the information and knowledge that the Court's findings relied upon to find that the Defendant breached its duty of disclosure prior to the inception of the policy.  And as the Defendant's agent armed with that knowledge, he and the owner had the duty to disclose that knowledge to the carrier's underwriter for the reasons fully set forth in the Court's findings.

Moreover, the Court did not find, as Defendant suggests, that Defendant engaged in bad faith during the underwriting process.  Bad faith or intent is not an element of the defense of violation of the duty of disclosure, against as the Court's Findings make clear.  Simply the failure to disclose material information, or the failure to correct material misinformation provided to the underwriter, is enough to satisfy this defense under admiralty law.

Finally, the Court did not find, as Defendant suggests, that the absence of a certificate of inspection per se rendered the vessel unseaworthy.  To the contrary, the Court found otherwise.  The Court did find, however, that the failure to disclose the

correct status of the watertight bulkheads onboard the vessel violated the duty of disclosure, and the failure to correct that condition rendered the vessel unseaworthy, again even though Defendant did not engage in any bad faith. Under the law of express warranties of seaworthiness, the unseaworthy condition by itself is sufficient to satisfy Plaintiff's burden of proof in this regard.

Second, the Defendant timely filed a Motion to Tax Costs [D.E. 200], to which no timely response in opposition was filed. Upon the Court's review of the record submitted on the motion, the Court finds that the amounts sought are reasonable and recoverable under 28 U.S.C. § 1920. Accordingly, the motion should be Granted and a Judgment for costs entered.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.    Defendant's Motion to Alter Judgment [D.E. 199] is **DENIED**.

2.    Plaintiff's Motion to Tax Costs [D.E. 200] is **GRANTED**.

3.    A Cost Judgment is hereby entered in favor of State National Insurance Company, against Anzhela Explorer LLC, in the total amount of NINETEEN THOUSAND FOUR DOLLARS AND 08/100 CENTS ($19,004.08), which Judgment is in addition to the Court's Final Judgment [D.E. 198], and for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2011.

EDWIN G. TORRES
United States Magistrate Judge